Etoile LeBLANC, Plaintiff–Appellant,

Stephen Ossen, Plaintiff,

v.

Terry CLEVELAND and Robert Grant, Jr., Defendants–Third–Party–Plaintiffs,

J.R.D. Retailers Ltd, d/b/a Syd and Dusty's Outfitters, Third–Party–Defendant–Appellee.

No. 98–9020.

United States Court of Appeals, Second Circuit.

Argued Sept. 9, 1999.

Decided May 4, 2001.

Paul S. Edelman, Kreindler & Kreindler, New York, N.Y. (Todd J. Krouner, Chappaqua, N.Y., on the brief), for Plaintiff–Appellant.

E. David Duncan, Albany, N.Y., for Third–Party–Defendant–Appellee.

Before: WALKER, Chief Judge, FEINBERG and CALABRESI, Circuit Judges.

PER CURIAM:

Appellant Etoile LeBlanc appeals from a June 23, 1998 Decision and Order of the District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*) denying her motions (1) to vacate the judgment of October 2, 1997, which dismissed her action on the basis that admiralty jurisdiction was lacking, and to reinstate her complaint pursuant to Fed.R.Civ.P. 60(b); (2) to amend her complaint pursuant to 28 U.S.C. § 1653 and Fed.R.Civ.P. 15 to allege diversity subject-matter jurisdiction; and (3) to discontinue the action as to the non-essential, non-diverse plaintiff, Stephen Ossen, pursuant to Fed.R.Civ.P. 21. We vacate and remand with instructions to grant plaintiff-appellant LeBlanc's motions in their entirety.

## BACKGROUND

On July 4, 1994, plaintiffs Etoile LeBlanc and Stephen Ossen were injured when a motor boat struck the kayak they had rented on the Upper Hudson River. As a result of the accident, LeBlanc suffered serious injuries. On March 29, 1995, LeBlanc and Ossen brought this action in the Southern District of New York against defendants Robert Grant and Terry Cleveland, the owner and operator of the motor boat, respectively. LeBlanc and Ossen alleged negligence and invoked the court's admiralty jurisdiction under 28 U.S.C. § 1333. On September 22, 1995, the action was transferred to the Northern District of New York.

Defendants subsequently filed a third-party complaint pursuant to Rule 14(c) against appellees J.R.D. Retailers, Ltd., ("Syd and Dusty's"), the outfitter from whom LeBlanc and Ossen had rented their kayak, life vests, and other equipment. The defendants contended that Syd & Dusty's had contributed to the accident by providing the plaintiffs a darkly colored kayak and life vests, which prevented defendants from seeing plaintiffs on the river. By virtue of the third–party complaint against Syd & Dusty's alleging Syd &

**98**

Dusty's negligence, the case proceeded as if the action had originally been brought against both the initial defendant and the third–party defendant. *See* 29 James William Moore, *Moore's Federal Practice (Admiralty)* § 704.06[1], at 704–74 (1996). On the eve of trial, in March, 1997, Syd & Dusty's moved to dismiss the complaint against it for lack of subject-matter jurisdiction.

On October 2, 1997, the district court granted Syd & Dusty's motion to dismiss the complaint. The district court held that it lacked admiralty jurisdiction because the Hudson River was not a navigable waterway at the location where the accident occurred. LeBlanc and Ossen appealed that decision separately, and a panel of this court affirmed. *See LeBlanc v. Cleveland,* 198 F.3d 353 (2d Cir.1999).

On November 20, 1997, LeBlanc moved to vacate the district court's judgment; to drop from the lawsuit her co-plaintiff Ossen, a citizen of New York, as a non-diverse, non-essential party; and to reinstate her federal action against Syd & Dusty's, a New York citizen, on the basis of diversity of citizenship. *See* 28 U.S.C. § 1653; Fed.R.Civ.P. 15, 21, 60(b). When LeBlanc and Ossen brought suit in 1995, LeBlanc, a Canadian citizen residing temporarily in New York, was not a legal permanent resident of the United States. She was therefore diverse from the defendants and from Syd & Dusty's, all of whom were citizens of New York for diversity purposes. *See* 28 U.S.C. § 1332(a)(2). However, on March 6, 1997, LeBlanc, still a Canadian citizen residing in New York, obtained legal permanent resident status. Thus, at the time of her motion to amend, LeBlanc was deemed a New York citizen for purposes of diversity jurisdiction and therefore was no longer diverse from Syd & Dusty's. *See* 28 U.S.C. § 1332(a).

By Order filed on June 23, 1998, the district court denied LeBlanc's motion to vacate the judgment and dismissed the case. Characterizing LeBlanc's decision to proceed in tandem with Ossen under admi-ralty jurisdiction as a deliberate choice, the court held that failure of a deliberate trial strategy did not warrant relief under Rule 60(b)(1) or 60(b)(6). The district court reasoned that even if the judgment were vacated, amendment would be futile because Ossen was a co-plaintiff, and as a result, diversity did not exist at the time the suit was filed. The district court noted that diversity also would be lacking at the time of amendment, because LeBlanc had become a New York citizen for diversity purposes. Based upon its determination that LeBlanc was bound by her defective choice of admiralty jurisdiction, the district court did not reach the merits of either LeBlanc's Rule 21 motion to drop Ossen or her Rule 15 motion to amend the complaint to allege diversity. LeBlanc now appeals.

## DISCUSSION

LeBlanc argues first that the district court erred in refusing to dismiss her co-plaintiff Ossen pursuant to Rule 21 so that she could pursue her claim in federal court based on diversity jurisdiction. "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. We agree with LeBlanc that Ossen is dispensable to this suit. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 837–38, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) (holding that Rule 21 permits even appellate courts to drop a dispensable non-diverse party, and applying Fed.R.Civ.P. 19 to determine whether a party is dispensable); *Curley v. Brignoli, Curley & Roberts Assocs.,* 915 F.2d 81, 89 (2d Cir.1990). LeBlanc's rights are not inexorably intertwined with Ossen's, she may recover completely in his absence, and LeBlanc would lack an adequate remedy if the action is dismissed. *See Jaser v. N.Y. Prop. Ins. Underwriting Ass'n,* 815 F.2d 240, 243 (2d Cir.1987).

■ Once a party has been dropped under Rule 21, we read the complaint as if he had never been included.

> [O]nce subject matter jurisdiction is 'cured' by an amendment, courts regularly have treated the defect as having been eliminated from the outset of the action. In other words, where a change in parties, necessary to the existence of jurisdiction, is appropriate and is made (even on or after appeal), appellate courts have acted as if the trial court had jurisdiction from the beginning of the litigation.

*E.R. Squibb & Sons, Inc. v. Lloyd's & Co.,* 241 F.3d 154, 163 (2d Cir.2001) (citing *Newman–Green,* 490 U.S. at 829); *see also Squibb,* 241 F.3d at 163 ("As a general matter, it is widely accepted that amendments to cure subject matter jurisdiction relate back."); *Curley,* 915 F.2d 81 (recharacterizing lawsuit as a class action rather than a derivative action, dismissing dispensable non-diverse party pursuant to Rule 21, and confirming the existence of subject-matter jurisdiction in the dispensable party's absence); 3 James William Moore, *Moore's Federal Practice* ¶ 15.15 [3.–2], at 15–154 (1996) ("Even though parties must be dropped to perfect diversity jurisdiction, if they were not indispensable parties the amendment will relate back ... where this is not prejudicial to the remaining parties. Similarly, although there may not be complete diversity when the action is brought, an amendment dropping non-indispensable parties to cure the jurisdictional defect will relate back." (footnotes omitted)). Accordingly, we read the complaint to present a lawsuit between a single plaintiff, Etoile LeBlanc, and the third-party defendant-appellee, Syd & Dusty's.[1]

■ LeBlanc argues next that the district court should have permitted her to amend her complaint pursuant to Rule 15 and 28 U.S.C. § 1653 to allege diversity jurisdiction. Such an amendment is authorized by statute, so long as diversity jurisdiction actually exists between LeBlanc and Syd & Dusty's. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). This section addresses "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman–Green, Inc.,* 490 U.S. at 831, 109 S.Ct. 2218.

The district court concluded that such an amendment would be futile because diversity could not be established. The jurisdictional question turns on whether LeBlanc's citizenship for diversity purposes must be assessed as of the time the original complaint was filed or as of the time of the amendment. If it is the former, then diversity exists; if it is the latter, diversity is absent.

LeBlanc contends that a court assesses questions of fact pertinent to its jurisdiction, such as a party's citizenship for diversity purposes, as of the time of the initial complaint. Therefore, because LeBlanc was not yet a legal permanent resident when she filed the complaint, she was diverse from Syd & Dusty's and should be allowed to proceed with her suit. Syd & Dusty's responds that even with Ossen now out of the case, diversity does not presently exist, because when the amendment to allege diversity was filed, LeBlanc had become a legal permanent resident of New York and was thus no longer diverse from Syd & Dusty's.

■ We hold that an amendment to allege diversity jurisdiction relates back

---

1. On November 12, 1998, LeBlanc and Ossen settled their claims against Grant and Cleveland.

under Rule 15 of the Federal Rules of Civil Procedure, and therefore we assess LeBlanc's citizenship at the time the complaint was first filed. Under analogous circumstances, we recently held:

> where it is appropriate to relate back an amendment to a pleading under Rule 15, jurisdiction is assessed as if the amendment had taken place at the time the complaint was first filed. This means that the applicable law as to what amount must be in controversy, and as to how diverse the parties must be, will be that in effect at the time of the filing of the relevant complaint. Similarly, questions of fact, such as how much money is actually at stake and where each party lives, will also be determined with reference to the date on which the relevant complaint was filed.

*Squibb*, 241 F.3d at 163–64 ("[W]e have consistently held that federal jurisdiction is not defeated if one party, subsequent to the filing of a complaint, becomes a citizen of the same state as his opponent."); *see also Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957) (noting that "jurisdiction, once attached, is not impaired by a party's later change of domicile"); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir. 1987). The fact that LeBlanc has become a citizen of New York for diversity purposes since filing this lawsuit does not destroy diversity jurisdiction; her status at the time she filed her complaint is controlling.

Nor do we believe, as the district court did, that LeBlanc's decision to proceed initially under admiralty jurisdiction precludes amendment now. By failing even to consider LeBlanc's Rule 21 and Rule 15 motions, the district court improperly determined that granting her Rule 60(b) motion would be futile. We therefore hold that it was an abuse of discretion

to deny LeBlanc's Rule 60(b) motion to vacate the judgment and to reinstate her complaint. *See Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2d Cir.1986). A district court may "relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any other reason justifying relief," Fed. R.Civ.P. 60(b), if the movant can demonstrate "extraordinary circumstances" or "extreme and undue hardship." *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994). We have held that Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served." *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir.1963). It was reasonable for LeBlanc to wait to drop her non-diverse co-plaintiff until the district court ruled that admiralty jurisdiction did not exist. Because the question of admiralty jurisdiction was unresolved, it was in the interest of judicial economy to proceed together with Ossen's related case and to eliminate a non-diverse party only if doing so were essential to jurisdiction.

Syd & Dusty's will not suffer undue prejudice as a result of these amendments. *Cf. Samaha v. Presbyterian Hosp.*, 757 F.2d 529, 531 (2d Cir.1985) (per curiam) (holding that failure to grant a Rule 15 motion to amend a complaint to preserve diversity constituted an abuse of discretion absent prejudice). Syd & Dusty's has had notice of the complaint from the date it was filed. We agree with LeBlanc's contention that Syd & Dusty's will not be required to incur significant additional expenses to prepare for trial, as it filed its motion to dismiss for lack of subject-matter jurisdiction on the day before trial was originally scheduled to commence. Therefore, trial preparations and discovery have already been substantially completed. In contrast, failing to permit LeBlanc to proceed may prevent any adjudication of her claims because Syd & Dusty's has raised a statute of limitations defense in a concurrent protective state

court action. *See Jaser*, 815 F.2d at 243 (permitting plaintiff to drop a non-essential, non-diverse party under Rule 15, and finding potential statute of limitations bar to separate action against defendants and plaintiff's resulting lack of remedy against defendants relevant in determining prejudice). Thus, LeBlanc has demonstrated "extraordinary circumstances" under Rule 60(b)(6), because she would be left without a remedy if the motion were not granted. LeBlanc can no longer re-file her case in federal court because she is no longer diverse from Syd & Dusty's.

## CONCLUSION

We hold that the district court erred in denying LeBlanc's motions. The judgment of the district court is vacated, and the case remanded to the district court with instructions to grant LeBlanc's (1) Rule 60(b) motion to vacate the October 2, 1997 judgment and to reinstate her complaint; (2) Rule 21 motion to drop Ossen as a non-essential, non-diverse party; and (3) Rule 15 motion to amend the complaint.

