345 F.3d 78
 Matthew J. PECHINSKI and Brooke Rivto Pechinski, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee,
 Docket No. 03-7116.
 United States Court of Appeals, Second Circuit.
 Argued: September 11, 2003.
 Decided: September 23, 2003.
 
 William C. Rand, Law Office of William C. Rand, New York, NY, for Appellants.
 Alfred W.J. Marks, Emmet, Marvin & Martin LLP, New York, NY, for Appellee.
 Before: CABRANES, and B.D. PARKER, Jr., Circuit Judges and RAKOFF, District Judge.*
 PER CURIAM:
 
 
 1
 In this action, plaintiffs allege that the Astoria Federal Savings and Loan Association ("Astoria Federal") violated the disclosure provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638, by failing to disclose a $2,479 fee in connection with the assignment of their home mortgage to another lender. They contend that the fee, because of New York State and New York City tax laws, actually served as a financing charge, prepayment penalty, or refinancing penalty for which disclosure was required.
 
 
 2
 The United States District Court for the Southern District of New York (Sidney H. Stein, Judge) dismissed plaintiffs' TILA claims pursuant to Fed.R.Civ.P. 12(b)(6). Pechinski v. Astoria Federal Savings and Loan, 238 F.Supp.2d 640, 640 (S.D.N.Y. 2003).[1] We affirm.
 
 I. Background
 
 3
 Plaintiffs Matthew and Brook Pechinski obtained a $297,600 mortgage loan from the Greater New York Savings Bank on March 27, 1997, in order to purchase an apartment at 62 West 62d Street in Manhattan. They allege that defendant Astoria Federal, which acquired the Greater New York Savings Bank in the fall of 1997, violated the TILA by failing to disclose at the outset of the loan that a fee of between.875% and 1% of the outstanding balance would be charged if the Pechinskis wanted to assign their loan to another lender as part of a refinancing. The Truth-in-Lending Disclosure Statement indicated only that there was no prepayment penalty, and that the bank could charge a "reasonable fee[ ]" upon assignment of the loan to another lender.
 
 
 4
 The Pechinskis were forced to pay the.875% assignment fee in the amount of $2,479 when they refinanced their mortgage in the fall of 2001 with U.S. Trust Corporation ("U.S. Trust") because of the nature of the New York State and New York City tax laws. Although there would have been no fee if the Pechinskis had refinanced by merely borrowing money from U.S. Trust to prepay their loan with Astoria Federal, New York State and New York City tax laws impose a collective mortgage recording tax of between 1% and 2.75% on such transactions. See N.Y. Tax Law § 253; N.Y. City Admin. Code § 11-2601. To bypass that tax, it is customary in New York for the original lender to assign the loan to the new lender. When the Pechinskis requested that Astoria Federal assign their loan to U.S. Trust as part of the refinancing, they were charged the disputed .875% assignment fee.
 
 
 5
 The Pechinskis assert that the assignment fee charged by Astoria Federal was in reality (1) a finance charge, (2) a prepayment penalty, or (3) a refinancing penalty, for each of which disclosure was required under the TILA.[2]
 
 II. The District Court Opinion
 
 6
 The District Court held that the disputed assignment fee was neither a finance charge nor a prepayment penalty for which disclosure was required. Pechinski, 238 F.Supp.2d at 643-45.
 
 
 7
 In order to be considered a finance charge, a charge must be incident to, or a condition of, the extension of credit. See 15 U.S.C. § 1605(a) ("Except as otherwise provided in this section, the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit.") (emphasis added); Veale v. Citibank, F.S.B., 85 F.3d 577, 579 (11th Cir.1996); Pechinski, 238 F.Supp.2d at 643; Stutman v. Chemical Bank, No. 94 Civ. 5013(MBM), 1996 WL 539845, at *3 (S.D.N.Y. Sept. 24, 1996). The District Court held that the assignment fee in this case was not a finance charge because it was not "incident to, or a condition of, the extension of credit," but was rather incident "to the extinguishment of the debt," which resulted from "plaintiffs' specific request that Astoria Federal assign the mortgage to another lending institution." Pechinski, 238 F.Supp.2d at 643.
 
 
 8
 Nor was the assignment fee a prepayment penalty, the Court held. First, the Court determined that because the assignment fee was not a "finance charge," it was simply not "the type of fee that qualifies as a prepayment penalty." Pechinski, 238 F.Supp.2d at 644. The language of the TILA requires the following:
 
 
 9
 (11) A statement indicating whether or not the consumer is entitled to a rebate of any finance charge upon refinancing or prepayment in full pursuant to acceleration or otherwise, if the obligation involves a precomputed finance charge. A statement indicating whether or not a penalty will be imposed in those same circumstances if the obligation involves a finance charge computed from time to time by application of a rate to the unpaid principal balance.
 
 
 10
 TILA, 15 U.S.C. § 1638(a)(11) (emphasis added). Similarly, Regulation Z, the Federal Reserve Board's regulation implementing the TILA, refers only to a lender's obligation to disclose finance charges:
 
 
 11
 (k) Prepayment.
 
 
 12
 (1) When an obligation includes a finance charge computed from time to time by application of a rate to the unpaid principal balance, [a creditor shall provide] a statement indicating whether or not a penalty may be imposed if the obligation is prepaid in full.
 
 
 13
 (2) When an obligation includes a finance charge other than the finance charge described in paragraph (k)(1) of this section, [a creditor shall provide] a statement indicating whether or not the consumer is entitled to a rebate of any finance charge if the obligation is prepaid in full.
 
 
 14
 12 C.F.R. § 226.18(k) (emphasis added). Having concluded that the assignment fee at issue in this case was not a "finance charge," the District Court determined that the fee could not, under the language of the TILA or Regulation Z, constitute a prepayment penalty. Pechinski, 238 F.Supp.2d at 644.
 
 
 15
 The Court further rejected the plaintiffs' argument that the disputed fee was a prepayment penalty on the ground that the disputed fee was not imposed upon "prepayment in full" of the loan, as a prepayment penalty would be, but was rather imposed because of plaintiffs' additional request for an assignment. Pechinski, 238 F.Supp.2d at 644. The Court noted that the characterization of the assignment fee as a prepayment penalty under these circumstances would be inaccurate because the disputed assignment fee did not necessarily have to be assessed prior to maturity, and could in fact have been assessed after the loan matured. Id. at 644-45.
 
 
 16
 Finally, the Court observed that "[t]he fact that the fee in question bears no apparent relation to the bank's cost of providing an assignment may speak to the reasonableness or unreasonableness of the assignment fee, but such an argument relates to plaintiffs' contract claims, which are not at issue on this motion." Id. at 645.
 
 III. Discussion
 
 17
 For substantially the reasons stated by the District Court in its careful and comprehensive opinion, Pechinski, 238 F.Supp.2d at 643-45, we agree that the assignment fee (1) is not a finance charge and (2) is not a prepayment penalty. We address below only plaintiffs' claim on appeal, raised previously but not directly addressed by the District Court, that the assignment fee is a "refinancing penalty" prohibited by the TILA.
 
 
 18
 Plaintiffs assert that the TILA explicitly requires disclosure of any refinancing penalty by mandating the following:
 
 
 19
 (11) A statement indicating whether or not the consumer is entitled to a rebate of any finance charge upon refinancing or prepayment in full pursuant to acceleration or otherwise, if the obligation involves a precomputed finance charge. A statement indicating whether or not a penalty will be imposed in those same circumstances if the obligation involves a finance charge computed from time to time by application of a rate to the unpaid principal balance.
 
 
 20
 TILA, 15 U.S.C. § 1638(a)(11) (emphasis added).
 
 
 21
 We reject this argument because, as the District Court noted with respect to plaintiffs' argument that the assignment fee was a "prepayment penalty," the fact that the fee cannot properly be considered a "finance charge" forecloses any argument that 15 U.S.C. § 1638(a)(11) requires disclosure of the fee as a refinancing penalty. The plaintiffs' reliance on Brown v. Credithrift of America Consumer Discount Co., 106 B.R. 852, 858-59 (Bankr.E.D.Pa.1989), for the proposition that an assignment fee is actually a finance charge is misplaced. First, of course, Brown is not controlling precedent. Furthermore, the bankruptcy court in Brown held that a $25 assignment fee constituted a finance charge where it was imposed at closing for an assignment that had been contemplated (but not completed) at the time the loan was initiated. Id. at 854-55, 858-59. Whatever persuasive value Brown might have had in the highly specific circumstances before the bankruptcy court in that case, it is distinguishable from the instant case, in which no specific assignment was contemplated by the original mortgage agreement, and the assignment at issue arose only at the request of the borrower — well after the loan had been initiated. Unlike in Brown, the fee assessed in this case was in no way "incident to the extension of credit." Veale, 85 F.3d at 579.
 
 
 22
 In any event, the assignment fee at issue in this case cannot be considered a refinancing penalty because the fee was imposed not for prepayment or for refinancing of the loan, but, rather, because plaintiffs asked Astoria Federal to assign their loan. The fact that a refinancing in New York tends to involve an assignment cannot expand the plain meaning of the word "refinancing," which is commonly understood to mean only the prepayment of one loan with the proceeds of another. See American Heritage Dictionary (4th ed.2000) (defining "refinancing" as "provid[ing] new financing or new financing for, as by discharging a mortgage with the proceeds from a new mortgage obtained at a lower interest rate"). This interpretation is supported by the section of Regulation Z addressing the Act's disclosure requirements. See 12 C.F.R. § 226.18 (excerpted above). The regulation does not use the word "refinancing," and makes no effort to define "refinancing" separately from prepayment, or to define the term in a broader context. Id. § 226.18(k). Thus, we hold that the assignment fee in this case was neither a prepayment fee, nor a refinancing fee, for which disclosure was required under the TILA.
 
 
 23
 * * * * * *
 
 
 24
 We have considered all of the plaintiffs' arguments and have found each of them to be without merit. For the reasons stated above, the judgment of the District Court is hereby AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 Having dismissed the plaintiffs' TILA claims, the District Court declined, pursuant to 28 U.S.C. § 1367, to exercise supplemental jurisdiction over plaintiffs' state law claims of common law equity, breach of contract, unjust enrichment, fraud, and deceptive and unfair practices in violation of N.Y. Gen. Bus. Law § 349Pechinski, 238 F.Supp.2d at 645. Plaintiffs do not appeal that ruling.
 
 
 [2]
 The Pechinskis asserted these claims on behalf of both themselves and a class of similarly situated persons that has not yet been certified. The term "plaintiffs" herein includes members of the putative class