**ADRIAN FAMILY PARTNERS I, LP, Plaintiff–Counter–Defendant– Appellant,**

**v.**

**EXXONMOBIL CORPORATION, Defendant–Counter–Claimant– Appellee,**

**Trammell Crow Company, Eric Lefcourt and Jack Walsdorf, Defendants–Appellees.**

**Docket No. 03–7155.**

United States Court of Appeals, Second Circuit.

Nov. 3, 2003.

Joel K. Dranove (David O. Wright, on the brief) New York, New York, for Appellant.

Paul F. Carvelli, McCusker, Anselmi, Rosen, Carvelli & Walsh, P.A., New York, New York, for Defendant–Appellee Exxon-Mobil Corporation

Kurt W. Hansson, Paul, Hastings, Janofsky & Walker LLP, Stamford, Connecticut, for Defendants–Appellees Trammell Crow, Eric Lefcourt, and Jack Walsdorf, for Appellees.

PRESENT: FEINBERG, KEARSE, and RAGGI, Circuit Judges.

## SUMMARY ORDER

On December 11, 2001, Plaintiff–Appellant Adrian Family Partnership I, LP ("Adrian Family") sued Defendants–Appellees ExxonMobil Corporation ("ExxonMobil"); and Trammell Crow Company, Eric Lefcourt, and Jack Walsdorf (collectively "Trammell") in the Supreme Court of New York, Westchester County, for tort and contract damages arising out of its lease and subsequent sale of commercial real estate to ExxonMobil. On January 23, 2002, the Defendants removed the action to federal court pursuant to 28 U.S.C. § 1446, claiming diversity jurisdiction. In an oral decision rendered on April 26, 2002, the district court dismissed all but one of Adrian Family's claims pursuant to Fed.R.Civ.P. 12(b)(6). On January 8, 2003, the district court granted plaintiff's motion to dismiss the single outstanding claim with prejudice. Adrian Family now appeals the district court's 12(b)(6) dismissal.

Although all parties urge us to address the merits of this appeal, we cannot ignore the serious question raised in their briefs as to the existence of federal jurisdiction in this case. *See United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994). Specifically, plaintiff asserts that at the time the complaint was filed, two of Adrian Family's limited partners and one of the individual defendants, Jack Walsdorf, were all residents of Connecticut. It is, of course, "axiomatic ... that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizen-

ships." *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). Further, because "a partnership has the citizenship of each of its partners," *id.*, the common Connecticut citizenship of two partners and Mr. Walsdorf would appear to preclude the exercise of federal jurisdiction.

In an effort to save jurisdiction in this case, the parties suggest that Mr. Walsdorf had become a resident of New Jersey by the time the petition for removal was filed. We have two difficulties with their efforts. First, defendants state that "the removal papers indicated that [Walsdorf] was a Connecticut resident when the action was commenced and that he had established a new domicile in New Jersey by the time the action was removed to the Southern District." Brief of Defendants–Appellees Trammell at 1. In fact, however, the notice of removal spoke in terms of residence, not of citizenship or domicile. Similarly, plaintiff's representation as to its limited partners asserts Connecticut residence, not Connecticut citizenship. It is well established that "[a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." *John Birch Society v. National Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir.1967). Thus, the statements in the parties' briefs and removal notice as to residence are insufficient to permit an inference as to diversity of citizenship for purposes of federal jurisdiction. *See, e.g., id.; Franceskin v. Credit Suisse*, 214 F.3d 253, 256 (2d Cir.2000); *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 102–03 (2d Cir.1997).

Second, the general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time removal is sought to federal court. *See United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d at 301. The purpose behind this requirement is "to prevent a nondiverse defendant from acquiring a new domicile after the commencement of the state suit and then removing on the basis of the newly created diversity of citizenship." 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3723, at 574 (3d ed.1998).[1]

Similarly unavailing is the parties' reliance on Supreme Court cases suggesting that the existence of subject matter jurisdiction at the time of final judgment may shield a judgment against later jurisdictional attack. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *cf. American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Certainly, where a district court has proceeded to final judgment, "considerations of finality, efficiency, and economy become overwhelming," *Caterpillar Inc. v. Lewis*, 519 U.S. at 75, and courts will look to preserve federal jurisdiction if possible, *see Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co.*, 312 F.3d 82, 89 (2d Cir.2002). But in so doing, it is jurisdiction that must be found to exist at the time of judgment, not simply diversity of citizenship. *See generally id.* (discussing propriety of dropping non-diverse parties to salvage federal jurisdiction). If, as in

---

1. To the extent 28 U.S.C. § 1446(b) permits the removal of cases that "become removable" after the original filing, the commentators explain that the provision generally refers to a plaintiff's voluntary dismissal of a non-diverse party, and not to the acquisition of diverse domicile. *See* 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3723, at 574–81 (3d ed.1998).

*Caterpillar*, non-diverse parties are dropped before a case proceeds to trial, and final judgment is entered only as against parties over whom the district court could properly have exercised jurisdiction at the start, *see* 519 U.S. at 76, subject matter jurisdiction will be upheld. *See generally Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co.,* 312 F.3d at 89. But where, as in this case, the district court's final judgment extends to a party over whom diversity jurisdiction appears to have been lacking at the time the complaint was filed, the court cannot acquire jurisdiction simply because that party moved to another state before the entry of final judgment. *See Anderson v. Watts,* 138 U.S. 694, 702–03, 11 S.Ct. 449, 34 L.Ed. 1078 (1891); *Saadeh v. Farouki,* 107 F.3d 52, 57 (D.C.Cir.1997); *see also LeBlanc v. Cleveland,* 248 F.3d 95, 99 (2d Cir.2001) (per curiam).

We fault the parties for failing to alert the district court to this issue before it expended significant time on the dismissal motion in this case. Nevertheless, because a serious question exists with respect to federal jurisdiction, we deem it prudent to VACATE the district court's judgment of dismissal and, pursuant to the procedure set out in *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994), to REMAND for further development of the record as to jurisdiction. If the district court finds jurisdiction lacking, it can remand the case to the state court. *See* 28 U.S.C. § 1447(c). But, if the district court finds diversity jurisdiction established, either party may restore jurisdiction to this court within 30 days of that order by letter to the Clerk's Office seeking review, whereupon the case will be heard by this panel upon letter briefs to be filed according to a schedule set by the Clerk.

