David McANANEY, Carolyn McAnaney, individually and on behalf of all others similarly situated, Cynthia Russo, Phillip Russo, Constance Reilly, and John Reilly, Plaintiffs,

v.

ASTORIA FINANCIAL CORPORATION, Astoria Federal Savings and Loan Association, Astoria Federal Mortgage Company, Long Island Bancorp, Inc., and Long Island Savings Bank, FSB, Defendants.

No. 04–CV–1101 (ADS)(WDW).

United States District Court, E.D. New York.

Nov. 1, 2005.

G. Oliver Koppell, Esq., Whalen & Tusa, P.C., by Joseph S. Tusa, Esq, Paul C. Whalen, Esq., of Counsel, New York, NY, for the plaintiffs.

Day, Berry & Howard, LLP, by Alfred W.J. Marks, Esq., New York, NY, for the defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion by Astoria Financial Corporation, Astoria Federal Savings and Loan Association, Astoria Federal Mortgage Company, Long Island Bancorp, Inc., and Long Island Savings Bank, FSB, (collectively, the "Defendants") for an order, pursuant to Local Rule 6.3 for reconsideration of this Court's February 17, 2005 Memorandum of Decision and Order, *McAnaney v. Astoria Financial Corp.*, 357 F.Supp.2d 578 (E.D.N.Y.2005) (hereinafter the "Order"). In that Order, the Court denied, in part, the Defendants' motion to dismiss the claim asserted by the plaintiffs David McAnaney, Carolyn McAnaney, Cynthia Russo, Phillip Russo, Constance Reilly, and John Reilly (collectively, the "Plaintiffs") under the Truth in Lending Act ("TILA"). Upon reconsideration, if granted, the Defendants' seek dismissal of the Plaintiffs' TILA claims and the remaining state law claims. In addition, the Plaintiffs seek leave to amend the complaint to add a jurisdictional provision and a cause of action.

## I. DISCUSSION

### A. BACKGROUND

The background of this case is incorporated in the Court's Memorandum of Decision and Order of February 17, 2005. Familiarity with that decision is assumed.

## B. MOTION TO RECONSIDER

■ The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. *See Devlin v. Transportation Communications Int'l Union,* 175 F.3d 121, 132 (2d Cir.1999) (citing *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983)). A motion for reconsideration, also known as reargument, is governed by Local Rule 6.3 and Federal Rule of Civil Procedure 59(e) ("Fed. R. Civ.P."). *See Hertzner v. Henderson,* 292 F.3d 302, 303 (2d Cir.2002); *Yurman Design Inc. v. Shieler Trading Corp.,* No. 99 Civ. 9307, 2003 WL 22047849, at *1, 2003 U.S. Dist. LEXIS 15070, at *2 (S.D.N.Y. Aug. 28, 2003).

■ The standards set forth in both Local Rule 6.3 and Fed.R.Civ.P. 59(e) are identical. *See Alexander v. The Turner Corp.,* No. 00 Civ. 4677, 2001 U.S. Dist. LEXIS 14559, at *1 (S.D.N.Y. Sept. 10, 2001). "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *In re Worldcom, Inc. Securities Litigation,* 308 F.Supp.2d 214, 224 (S.D.N.Y.2004); *Colodney v. Continuum Health Partners, Inc.,* No. 03–7276, 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004); *see also In Re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir.2003); E.D.N.Y. Local Civil Rule 6.3. Reconsideration may also be granted to "correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.,* 709 F.2d 782, 789 (2d Cir.1983).

■ To preserve scarce judicial resources and to avoid piecemeal litigation, a motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temps., Inc.,* No. 99 Civ. 6098, 2001 WL 286771, at *1, 2001 U.S. Dist. LEXIS 3165, at *1 (S.D.N.Y. Mar. 22, 2001); *see also Shrader v. CSX Transp. Inc.,* 70 F.3d 255, 257 (2d Cir.1995) (stating that reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided"); *In re Houbigant,*

*Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (stating that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). In addition, "a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.,* 127 F.Supp.2d 342, 345 (E.D.N.Y.2001).

■ In the Defendants' motion, they contend that the Court overlooked and misapplied controlling law defining prepayment penalties and finance charges under TILA. The Court disagrees. First, although the Defendants' argue that the Court "overlooked" controlling law, it is clear from the content of their memorandum of law that the Court clearly addressed every case and statute that the Defendants cited to in their original memorandum of law. Indeed, the Defendants points to no case or statute that was not cited by the Court in its original Order. As stated by the Defendants, the Court "correctly set[ ] forth the standard established by the Second Circuit in *Pechinski [v. Astoria Federal Savings and Loan Ass'n,* 345 F.3d 78 (2d Cir.2003),]* for determining whether a particular fee qualifies as a prepayment penalty" and "set out the governing standard for determining whether a particular fee constitutes a finance charge under TILA. . . ." (Defs.' Mem. in Supp. of Mot. for Recons. 2, 5.)

Second, the Defendant's argument that the Court set forth the controlling law but "misapplied" it "by ignor[ing] such standard" (Defs.' Mem. in Supp. of Mot. for Recons. 5), is plainly an "improper [argument] on a motion for reconsideration." *JPMorgan Chase Bank v. Cook,* 322 F.Supp.2d 353, 356 (S.D.N.Y.2004). "A motion for reconsideration cannot be granted . . . solely on a party's disagreement with the Court's ruling." *Colodney,* 2004 WL 1857568, at *3. "Moreover, the re-arguing of the applicability of [*Pechinski*] in the guise of bringing 'overlooked' [or 'misapplied'] authority to the Court's attention borders on the contumacious. . . ." *JPMorgan Chase Bank,* 322 F.Supp.2d at

356. In other words, a reconsideration of the Defendants' belief that *Pechinski* forecloses, as a matter of law, all of the Plaintiffs' claims under TILA at the pleading stage—an argument that was previously expressly rejected—does not alter the reasoning or conclusion of the Court's original Order.

Finally, even assuming that the Court could appropriately address the argument that it "misapplied" the controlling law, the Court would still deny the Defendants' motion. The gravamen of the Defendants' argument is that the Court failed to apply the standards set forth in *Pechinski* by not "determining" that the fees charged were not finance charges or prepayment penalties for which disclosure is required under TILA. As stated in the Order, "The issue [on a motion to dismiss] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R.Civ.P. 8(f). Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal. *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995).

In this light, the Court found that the Plaintiffs met this burden and that discovery is necessary to determine whether the fees were required for the extinguishment of the loan—and required to be disclosed under TILA—or whether they were for a service requested by the borrower—and not actionable, as a matter of law, such as the fees in *Pechinski.* Significantly, the Court notes that it rejected the Defendants' previous attempt to have the Court consider an affidavit and numerous exhibits and determine the merits of this action at the pleading stage. Nothing in the Defendants' current motion for reconsideration persuades the Court to abandon the well-established motion to dismiss standard at the pleadings stage. Ac-

cordingly, the Defendants' motion for reconsideration is denied.

## C. LEAVE TO AMEND

■ The Plaintiffs seek leave of the Court to file a Second Amended Consolidated Class Action Complaint to make two additions to their pleadings. First, the Plaintiffs request to include the new class action jurisdictional provisions contained in the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d). Second the Plaintiffs seek leave to add a claim under New York Real Property Actions and Proceedings Law section 247–a, which involves the charging of fees for payoff letters. The Defendants object only to the Plaintiffs' request to amend the complaint to add jurisdictional allegations.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. The Rule states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 331, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) (stating that granting leave to amend is within the discretion of the trial court). The Second Circuit has held that a Rule 15(a) motion "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ The Class Action Fairness Act became effective on February 18, 2005, and by its express terms is not retroactive. *See* Class Action Fairness Act Pub.L. No. 109–2, § 9, 119 Stat. 4, 14 (2005); *Exxon Mobil Corp. v. Allapattah Services, Inc.,* — U.S. ——, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). This action was commenced on March 16, 2004, and both parties agree that the proposed amendment to assert a new cause of action under the New York Real Property Actions and Proceedings Law "relates back" to the original complaint and is deemed commenced as of the original date of the filing of the complaint. In addition, "an amendment to allege diversity jurisdiction relates back

under Rule 15 of the Federal Rules of Civil Procedure...." *LeBlanc v. Cleveland,* 248 F.3d 95, 99–100 (2d Cir.2001). As such, the Class Action Fairness Act has no bearing on this case, and an amendment to include such provision would be futile. Accordingly, the motion to amend the complaint to add the jurisdictional provision is denied.

There being no objection to the Plaintiffs' request to add a cause of action under New York Real Property Actions and Proceedings Law section 247–a, the motion for leave to amend in that regard is granted. The Plaintiff may file the amended complaint not later than 20 days from the date of this order.

## II. CONCLUSION

Based on the foregoing reasons, it is hereby

**ORDERED,** that the Defendants' motion for reconsideration of the Memorandum of Decision and Order of this Court dated February 17, 2005, is **DENIED;** and it is further

**ORDERED,** that the Plaintiffs' motion to file a Second Amended Consolidated Class Action Complaint is **GRANTED,** as to the proposed cause of action under New York Real Property Actions and Proceedings Law section 247–a, and **DENIED,** as to the proposed addition of a jurisdictional provision under the Class Action Fairness Act; and it is further

**ORDERED,** that the Plaintiff may file an amended complaint as set forth above not later than 20 days from the date of this order.

**SO ORDERED.**