**SYNFUEL TECHNOLOGIES, INC, Individually and on Behalf of All Others Similarly Situated, Plaintiffs–Appellees,**

v.

**DHL EXPRESS (USA), INC., Defendant–Appellee.**

and

**Appeal of: Kearney D. Hutsler, P.C., et al., Joel Shapiro, and W. Andrew Hoffman, et. al., Objectors–Appellants,**

and

**Cross-appeal of: Korein Tillery, Class Counsel–Cross–Appellant.**

Nos. 05–1450, 05–1596, 05–2914, 05–3022.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 2005.

Decided July 21, 2006.

Steven A. Katz, Douglas R. Sprong, Korein Tillery, St. Louis, MO, for Plaintiffs–Appellees.

Jeffrey P. Lennard, Mark L. Hanover, Leah R. Bruno, Sonnenschein, Nath & Rosenthal, Chicago, IL, for Defendant–Appellee.

John J. Pentz, Maynard, MA, Kearney D. Hutsler, III, Birmingham, AL, for Objectors–Appellants.

Before Hon. MICHAEL S. KANNE, Hon. ILANA DIAMOND ROVNER, and Hon. DIANE P. WOOD, Circuit Judges.

ORDER

In its Third Amended Complaint, filed on August 4, 2005, pursuant to 28 U.S.C. § 1653, named plaintiff Synfuel Technologies stated that it is "an Illinois limited liability company with its principal place of business in Glen Carbon, Illinois." Unfortunately, Synfuel did not go on to inform us of the citizenship of each of its members. Since "[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members," *Wise v. Wachovia Securities, LLC,* 450 F.3d 265, 267 (7th Cir.2006), we are unable to determine whether there is complete diversity between the parties for purposes of 28 U.S.C. § 1332.

In the jurisdictional section of its brief, Synfuel states that "[d]uring the course of this litigation, Synfuel Technologies became incorporated under the laws of Minnesota while continuing its principal place of business in Glen Carbon, Illinois. . . ." A party's post-filing change in citizenship, however, cannot cure a lack of

subject-matter jurisdiction that existed at the time of filing in a diversity action. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). We therefore must know the citizenship of Synfuel Technologies, LLC's members on the date it filed its initial complaint. (The date of the initial complaint is relevant because an amendment to a complaint under § 1653 to allege diversity jurisdiction relates back under Rule 15 of the Federal Rules of Civil Procedure. See *LeBlanc v. Cleveland*, 248 F.3d 95, 99–100 (2d Cir.(2001)).)

To confuse matters further, we note that the Illinois Secretary of State's website does not list Synfuel Technologies, LLC at all. The site does list a "Synfuel Technologies, Inc.", but that corporation was voluntarily dissolved in late 2004. The Minnesota Secretary of State's website, on the other hand, lists a "Syn Fuel Technologies, Inc." In addition to being spelled differently than the name of the party in this case, the original date of filing for that corporation is listed as late 1998, leading us to question whether it is the same corporation.

Synfuel is ordered to file a statement within 10 days setting forth the citizenship of Synfuel Technologies, LLC's members as of the date it filed its initial complaint in this matter, and furnishing any other information relevant to this issue. We remind Synfuel of its responsibility under Circuit Rule 26.1(b) to supplement its disclosure statement "whenever the information that must be disclosed under Rule 26.1(a) changes."

So ORDERED.