**HUDSON PAK ESTABLISHMENT,**
**Plaintiff–Claimant–Cross–**
**Claimant–Appellant,**

John Timbers, Plaintiff–Intervenor–Plaintiff–Cross–Claimant–Appellant,

Paul R. Daddona, Plaintiff–Intervenor–Defendant–Intervenor–Third–Party–Defendant–Third–Party–Plaintiff–Cross–Defendant–Appellant,

v.

SHELTER FOR the HOMELESS, INC., Defendant–Intervenor–Cross–Defendant–Cross–Claimant–Third–Party–Defendant,

Maxine Gaudio, Defendant–Intervenor–Cross–Claimant–Cross–Defendant–Counter–Claimant–Counter–Defendant–Third–Party–Defendant–Appellee.

No. 05–2212–cv.

United States Court of Appeals, Second Circuit.

March 14, 2007.

Earle Giovanniello, Esq., New Haven, CT, for Appellant Daddona.

John Timbers, Esq., appearing pro se *, for Appellant Timbers.

Eric M. Gross, Green and Gross, P.C., Bridgeport, CT, (Jeffrey W. Keim, on brief), for Appellee Gaudio.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. WILLIAM K. SESSIONS, III, District

---

* Incredibly, Timbers claims to be representing Hudson Pak Establishment on this appeal as well, despite the following facts: (1) his claim for uncollected attorneys' fees is *against* Hudson Pak; (2) he was chastised by the court below for filing an involuntary bankruptcy petition against Hudson Pak for the sole purpose of improving his position vis-a-vis the other claimants to the funds in the court registry; and (3) he was disqualified from further representation of Hudson Pak given the obvious conflict of interest. Because we are affirming the district court decision on all issues we need not address whether it was appropriate for Timbers to file a notice of appeal on behalf of Hudson Pak.

Judge.**

## SUMMARY ORDER

We presume the parties' familiarity with the underlying facts and procedural history, which we reference only when needed to explain our decision.

This proceeding began August 21, 1991, when Hudson Pak Establishment ("HPE") filed a complaint against the Shelter for the Homeless ("SFH") seeking payment on a promissory note SFH issued to Stamford Color Photo, Inc. ("SCP") in return for real estate owned by SCP. (HPE Compl. 1). HPE filed its complaint in the United States District Court for the District of Connecticut, asserting that the court had diversity jurisdiction under 28 U.S.C. § 1332 because HPE was a "Swiss Company with its principal place of business in Zurich, Switzerland," and SFH was a "Connecticut Corporation with its principal place of business in Stamford, Connecticut." *Id.* On March 26, 2002, SFH filed its answer, which included a counterclaim for interpleader pursuant to 28 U.S.C. §§ 1335 and 2361, seeking to deposit the funds sought by HPE in the court registry. On March 5, 1993, the district court entered judgment in favor of SFH on its counterclaim and the suit was converted to an interpleader action. Thereafter, SCP, Paul R. Daddona (president of SCP) and Maxine Gaudio became involved in the case as intervenors.

On March 26, 1993, Lawrence Reuben filed a *pro se* appearance on behalf of HPE. The district court informed Reuben that a corporation is required to be represented by counsel. On May 20, 1993, how-ever, upon Reuben's representation to the court that HPE was a sole proprietorship and not a corporation, the district court permitted HPE's attorney to withdraw and allowed Reuben to file *pro se* appearances in the name of "Lawrence Reuben d/b/a Hudson Pak Establishment." *See Hudson Pak Establishment v. The Shelter for the Homeless, Inc.,* No. 91 Civ. 468 (D.Conn. Mar. 31, 2005).

On August 31, 1993, Maxine Gaudio filed a motion to dismiss for lack of subject matter jurisdiction, asserting that all interested parties were Connecticut residents and therefore lacked diversity. The district court denied that motion in light of Reuben's representation that he was domiciled in Florida and only maintained a mailing address in Connecticut in order to "receive mail pertaining to this lawsuit in a timely manner."

On appeal, the parties' respective positions as to the question of diversity have turned 180 degrees. Although it was HPE that originally brought this suit asserting diversity jurisdiction, Appellants Daddona (who now claims to own HPE) and Timbers (who claims to be representing HPE) argue on appeal that this case, which has been in federal court for over fifteen years, should now be dismissed for lack of subject matter jurisdiction due to an absence of diversity between the parties. Appellee Gaudio, on the other hand, having secured a favorable judgment below, now appears content that diversity existed all along. We suspect that the parties' perspectives on the diversity question may have been shaded somewhat by the district court's disposition of the case.[1]

---

** The Honorable William K. Sessions, III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

1. We acknowledge that Daddona and Hudson Pak filed a motion to dismiss "due to loss of diversity" on November 18, 2002. At that point, however, the district court judge's frustration with Daddona was manifest, and it had become clear that Daddona and Hudson Pak had little possibility of succeeding on their claim. That Daddona was aware that

A federal district court may take jurisdiction over an interpleader action where there are "[t]wo or more adverse claimants, of diverse citizenship." 28 U.S.C. § 1335.

> [Section 1335] has been uniformly construed to require only "minimal diversity," that is, diversity of citizenship between two or more claimants without regard to the circumstance that other rival claimants may be co-citizens. The language of the statute, the legislative purpose broadly to remedy the problems posed by multiple claimants to a single fund, and the consistent judicial interpretation tacitly accepted by Congress, persuade us that the statute requires no more.

*State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

Satisfaction of the requirement of diversity is "determined as of the date that suit is filed—the 'time-of-filing' rule." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,* 166 F.3d 59, 62 (2d Cir.1999). "Federal diversity jurisdiction is not lost by post-filing events that change or disturb the state of affairs on which diversity was properly laid at the outset." *Id.* (citation omitted). Moreover, the determination of a party's domicile for purposes of diversity jurisdiction is a mixed question of law and fact, and the district court's finding will generally not be set aside unless clearly erroneous. *See McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir.2006); *Coury v. Prot,* 85 F.3d 244, 251 (5th Cir.1996); *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983); *Holmes v. Sopuch,* 639 F.2d 431, 434 (8th Cir.1981); *see also LeBlanc*

*v. Cleveland,* 248 F.3d 95, 100 (2d Cir.2001) (stating that a person's domicile is a question of fact).

In this case, the district court clearly found that the "minimal diversity" requirement of the interpleader statute was satisfied because, at the time the action began, HPE was diverse from the other claimants to the funds in the court registry. Upon review of the record, we see no reason to disturb that finding.

Appellants make much of the district court's statement that "Daddona controlled and dominated at all relevant times both Stamford Color Photo and Hudson Pak Establishment to such an extent that each was merely his 'alter ego.'" However, we understand that statement with respect to HPE to refer to later stages of the litigation—when the likelihood of a recovery by Maxine Gaudio against the funds in the registry and against Daddona became apparent—not when jurisdiction was originally conferred.

With respect to Appellants' other claims, we defer to the district court's well-reasoned opinion.

The judgment of the district court is hereby AFFIRMED.

---

his chances of success in this action were bleak is evident by the numerous attempts he made to impede this litigation by filing one frivolous claim after another against everyone involved in the lawsuit, including Maxine Gaudio, her attorney, and even the magistrate and district judges.